UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| LARRY P. RAYMER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 05-139-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CHARLES E. SAMUELS, JR., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\* \*   \* \*   \* \*   \*\*

On April 13, 2005, the Court dismissed the Petitioner's action for the reasons set forth in a Memorandum Opinion and Order entered that date. [Record No. 5]  The Petitioner has now moved the Court to alter or amend its judgment, asserting in relevant part, that the Court has "confused" different issues regarding the manner in which good time credit should be calculated.  The Petitioner is mistaken in this assertion.

The Court's Memorandum Opinion and Order specifically addressed the manner in which the Bureau of Prisons calculates good time credit.  As the Court explained at pages 5-6 of this opinion:

> Recently, the BOP's method of calculating prisoners' good conduct time under 18 U.S.C. §3624(b) has been challenged in several courts.  Courts have, almost uniformly, upheld the Program Statement's method of calculation in a number of cases.  In fact, two panels of the United States Court of Appeals for the Sixth Circuit have done so in unpublished opinions.  *Williams v. Lamanna*, 20 Fed.Appx 360, 2001 WL 1136069 (6th Cir. 2001) (unpublished)); *Brown v. Hemingway*, 53 Fed. Appx. 338, 2002 WL 31845147 (6th Cir. 2002) (unpublished).
>
> In *Brown*, the Sixth Circuit reviewed *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1270-71 (9th Cir. 2001), *cert. denied*, 535 U.S. 1105 (2002), and found that it and *Williams* were "persuasive authority." *Id.* at *1.  The language in *Pacheco-Camacho* reveals the analysis, which dispenses with each argument made in the present case. The Ninth Circuit found that the BOP regulation was reasonable and, therefore, deferred to the BOP's interpretation.  272 F.3d at 1270.  In addition, the court in

*Brown* upheld the BOP's calculation method, holding that the "BOP's interpretation is reasonable in light of the statutory language." 53 Fed.Appx. 338, at *1.

Accordingly, this Court also defers to the BOP's interpretation of the GCT calculation and rejects the Petitioner's arguments. Further, the Court notes that the approach and the conclusion of the Ninth Circuit in *Pacheco-Camacho* and the Sixth Circuit in *Williams* and *Brown* have been followed by other district courts, *e.g.*, *Graves v. Bledsoe*, 334 F.Supp.2d 906 (W.D.Va. 2004); *Pasciuti v. Drew*, 2004 WL 1247813 (N.D.N.Y. 2004) (unpublished); and *Loeffler v. BOP*, 2004 WL 2417805 (S.D.N.Y. 2004) (unpublished).

The Court also notes that the case cited by the Petitioner [*White v. Scibana*, 390 F.3d 997 (7th Cir. December 2, 2004), *rehearing en banc denied* (February 9, 2005), *as amended* (February 14, 2005)] was reversed. In reversing the district court, the Ninth Circuit noted that only one other circuit had addressed the statutory construction issue and had reached a similar conclusion. *Pacheco-Camacho v. Hood*, 272 F.3d at 1271.

[*See* Record No. 5, pp. 5-6.]

Based on these authorities, the Court concluded that it "agrees with and will follow" the cited cases which have upheld the BOP's construction of the good time credit statute. [*See* Record No. 5, p. 6.] Thus, contrary to Raymer's assertion, it is clear that the Court did not confuse the issue of the BOP's manner of calculating good time credits with the fact that it has discretion in determining whether an inmate is entitled to receive such credit for his or her behavior.

Likewise, this Court has adequately addressed Raymer's second claim involving his participation in the BOP's GED program. As the Court explained previously, the applicable regulation requires that a prisoner attend "a minimum of 240 instructional hours or until a GED is achieved, whichever occurs first." 28 U.S.C. §544.70. There is no maximum number of hours in the statute or the regulation. However, 28 U.S.C. §544.71(b) exempts all persons determined to have an "independent impediment to learning." [Record No. 5, p. 7.] With respect to this issue, the Court has addressed Raymer's due process claim, concluding that,

2

[t]o the extent that he claims a due process violation in the determination that he is not exempt from the GED program, his exhibits establish that he was considered for the exemption but found not to be entitled to it. The Petitioner does not deny that he scored much higher (at the high school level in most skills) during his first assessment in 1999 or 2000. With regard to his abilities in 2004, he was tested in the same areas but received scores that belie the original social security assessment. Therefore, following a conference concerning these later results, a determination was made that the Petitioner's performance was not the result of a limited mental ability. Rather, it was determined that he working on legal matters rather than completing assignments in GED class. The Petitioner points to no further process to which he was due.

And with respect to any *future* credits, a prisoner has no more than an expectation interest in good conduct time credits or other means of early release. *See e.g., Greenholtz v. Inmates of the Nebraska Penal Corr. Complex*, 442 U.S. 1, 7 (1979). Thus, to the extent the Petitioner has asserted that a future failure to credit him with good time violates his due process rights, he has no cognizable claim. As noted in *Chavez-Vernaza v. Crabtree*, 952 F.2d 1399, 1992 WL 8145 (9th Cir.) (Or.)) (table): "the 'Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison.' *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Thus, the due process clause does not of its own force require that the credit be accorded in any particular fashion."

[See Record No. 5, p. 8.]

Finally, the Court has addressed – but rejected – the Petitioner's assertion that he should be allowed to amend his petition in order to challenge his conviction under *Boykin v. Alabama*, 395 U.S. 238 (1969). As noted at pages 10-11 of the April 13th Memorandum Opinion and Order:

the general rule is that 28 U.S.C. §2255 relates to conviction and imposition of sentence, and such issues must be brought before the trial court. A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 is to be brought in the district where a petitioner is incarcerated and may only challenge execution of sentence, such as the computation of parole or sentence credits. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). Since the Petitioner's claims relate to the conviction and sentence imposed by the federal district court in the Southern District of Indiana, they are not ordinarily cognizable claims for this Court under 28 U.S.C. §2241. The Petitioner must present a §2255 motion to his trial court.

To the extent the Court construes that the Petitioner is claiming §2241 jurisdiction over these new claims pursuant to the savings clause of 28 U.S.C. §2255, he has

3

failed to state the requisites for this Court to exercise such jurisdiction. *See Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), and as amended later in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003). Therefore, this Court does not have jurisdiction to entertain the merits of Petitioner Raymer's challenge to his conviction and sentence and will deny the motion to amend because such claims could not survive a motion to dismiss.

[Record No. 5, pp. 10-11.]

In summary, the Court has fully and adequately address the claims contained in Raymer's Petition for habeas corpus relief. In addition, the Court has evaluated the addition claim sought to be added through amendment and has concluded that it could not withstand a motion to dismiss. Accordingly, it is hereby

**ORDERED** that Petitioner Raymer's motion to alter or amend the Judgment entered in this action on April 13, 2005, [Record No. 7] is **DENIED**.

This 22nd day of April, 2005.

Signed By:

*Danny C. Reeves*   DCR

**United States District Judge**