UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| LARRY P. RAYMER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 05-139-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| CHARLES E. SAMUELS, JR, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

**       **       **       **       **

Larry P. Raymer (also, "Appellant"), the Petitioner in the instant habeas proceeding brought pursuant to 28 U.S.C. §2241, has submitted a notice of appeal of the Court's denial of relief from the judgment entered in this action, together with the following motions: (1) a motion to proceed on appeal *in forma pauperis*; (2) a motion for appointment of counsel; and (3) a motion for the Court to compel the Bureau of Prisons ("BOP") to comply with Federal Rule of Appellate Procedure 23(a) by issuing a temporary restraining order enjoining his transfer out of this district. For the reasons to be discussed below, Raymer's motions will be denied.

Regarding the appellate filing fee, in the Court's denial of his first motion to proceed *in forma pauperis* on appeal, this Court informed the Appellant that the PLRA's changes regarding filing fee payments in §1915(b)(1) do not apply to §2241 petitions. However, 28 U.S.C. §1915(a)(3) specifically provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

In its original Judgment of April 13, 2005 [Record No. 6], this Court certified that any appeal would not be taken in good faith. The Court is believes that the Appellant's current motion for relief from judgment is as meritless as his initial petition. Therefore, as to the Appellant's current appeal of this Court's decisions of September 27, 2005 [Record Nos. 15, 17], the Court will again certify that the Appellant's appeal is not taken in good faith. Accordingly, pursuant to §1915(a)(3), he may not proceed on this second appeal *in forma pauperis*. It would be inconsistent for a district court to determine that a petition is too frivolous to be served, yet has sufficient merit to support an appeal *in forma pauperis*. *See Frazier v. Hesson*, 40 F. Supp. 2d 957, 967 (W.D. Tenn. 1999) (citing *Williams v. Kullman*, 722 F.2d 1048, 1050, n.1 (2nd Cir. 1983)).

The Appellant's motion to proceed on his appeal *in forma pauperis* will be denied, and he will be directed to pay the appellate filing fee or have the appeal dismissed. In the alternative, under the Federal Rules of Appellate Procedure, an Appellant who receives a certification that his appeal is not taken in good faith or is otherwise denied permission to proceed on appeal *in forma pauperis* by the district court may file a motion to proceed on appeal *in forma pauperis* with the court of appeals. Fed.R.App.P. 24(a)(5). This must be done within thirty (30) days and with supporting documentation, including an affidavit of assets and certificate of inmate account.

Next, regarding the Appellant's motion for court-appointed counsel for his appeal, he cites no law or other authority supporting his request. In fact, he admits that such appointment is not part of his federal rights. Further, to the extent that this Court retains jurisdiction over this matter after the filing of a notice of appeal, it would be equally inconsistent for the Court to

determine that an appeal would be in bad faith, yet has sufficient merit to justify appointment of counsel at the expense of federal taxpayers.

Finally, the Appellant cites Federal Rule of Appellate Procedure 23(a) in support of his request that this Court to issue a temporary restraining order ("TRO") enjoining the BOP's plan to transfer him to another district. This Court is not inclined to grant the requested relief for several reasons. As a practical matter, it is not clear that this matter will continue on appeal, as the issue of the filing fee may terminate the action without reaching the merits and moot the matter. Further, the expected transfer is within BOP facilities, not to a separate sovereign's custody. This transfer may not be to a location outside the Sixth Circuit, thus not operating to divest the appellate court of subject matter jurisdiction – the concern behind the rule. *See Cohen v. United States*, 593 F.3d 766, 767, n.2 (6th Cir. 1979) (citing *Hudson v. Hardy*, 424 F.2d 854 (1970)).

In addition to the reasons set forth above, it would be inconsistent to find that the Appellant is likely to succeed on the merits of his claim based on the Court's prior determination. This would be a necessary finding if the Court were to issue a TRO. Likewise, the Appellant has not shown another requirement for injunctive relief: that he will suffer an irreparable injury without the Order. *See* Fed.R.Civ.P. 65; *Golden v. Kelsey-Hayes Company*, 73 F.3d 648, 653 (6th Cir. 1996); *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985); *Barnes v. United States*, 137 Fed.Appx. 184,190 (10th Cir. 2005) (unpublished).

Accordingly, the Court being sufficiently advised, it is **ORDERED** as follows:

-3-

(1)     The Court certifies that the appeal of this Court's Orders dated September 27, 2005, [Record Nos. 15, 17] is not taken in good faith.

(2)     The Appellant's motion to proceed on appeal *in forma pauperis* [Record No. 19] is **DENIED**.  28 U.S.C. §1915(a)(3).

(3)     The Appellant's motion for court-appointed counsel [Record No. 20] is **DENIED**.

(4)     The Appellant's motion for a temporary restraining order [Record No. 21] is **DENIED**.

(5)     The Appellant is granted thirty (30) days from the date of entry of this Order in which either to pay the $255.00 appellate filing fee to the Clerk of this Court or to move the Sixth Circuit for permission to proceed *in forma pauperis*, as described in Federal Rule of Appellate Procedure 24(a)(1).

(6)     Appellant is hereby placed on notice that if he does not pay the entire $255.00 filing fee or submit a motion to proceed on appeal *in forma pauperis* in the Sixth Circuit, as provided in Federal Rule of Appellate Procedure 24, within the thirty (30)-day period, the appellate court will dismiss the appeal for failure to prosecute. *McGore v. Wrigglesworth*, 114 F.3d 601- 609-10 (6th Cir. 1997).

(7)     The Clerk of this Court is directed to forward a copy of the instant Order to the Clerk of the Court of Appeals for the Sixth Circuit.

This 13th day of October, 2005.



**Signed By:**

_**Danny C. Reeves**_  DCR

**United States District Judge**